UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM VIRGIL HODGES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2848 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner William Virgil Hodges is an inmate in the Texas Department of Criminal Justice. On August 31, 2011, this Court dismissed his petition for a writ of habeas corpus on the grounds that the petition was barred by the statute of limitations. On October 5, 2011, this Court granted Hodges's motion for relief from the judgment and reopened the case for the limited purpose of determining whether Hodges is entitled to equitable tolling of the statute of limitations. Respondent Rick Thaler subsequently moved to dismiss the case under the statute of limitations, arguing that Hodges is not entitles to equitable tolling. For the reasons stated below, Thaler's motion is granted, and Hodges's petition is dismissed.

**I.     Background**

Hodges is currently serving a 12 year sentence for felony driving while intoxicated ("felony DWI"). Hodges pleaded guilty to the charges and did not appeal his conviction or sentence.

Hodges did challenge his conviction by filing an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on April 4, 2011. The Texas Court of Criminal Appeals denied his application. *See Ex Parte Hodges*, No. 76,096-01 (Tex. Crim. App. July 20, 2011).

Hodges filed his federal petition for a writ of habeas corpus on July 27, 2011. This petition argues that Hodges's guilty plea was not knowing and voluntary. He contends that the trial court improperly used a prior DWI conviction to increase the current charge from a misdemeanor to a felony.

## II.     Analysis

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Hodges was convicted on February 26, 2010. Because Hodges did not file a direct appeal, his conviction became final 30 days after he entered his guilty plea, *i.e.*, on March 28, 2010. *See* TEX. R. APP. P. 26.2(a). The AEDPA one year statute of limitations thus began to run on that date. Hodges filed his federal petition on July 27, 2011.

There is no dispute that Hodges's petition is untimely. As discussed in this Court's August 31, 2011, memorandum and order originally dismissing the petition, Hodges is not entitled to statutory tolling. The only remaining question is whether he is entitled to equitable tolling.

The AEDPA statute of limitations is not jurisdictional, and is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting his rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted).

Petitioner's argument boils down to a claim that his trial counsel failed to advise him that, under Texas law, one of his prior DWI convictions should not have counted toward an

enhancement, and he should therefore only have faced a misdemeanor charge, not a felony charge. He argues that this is so because the prior conviction occurred before a change in Texas law, and that probated convictions entered prior to the effective date of the law are not to be used for felony enhancements. Hodges claims that trial counsel was unaware of the pertinent facts and failed to advise Hodges that he could contest the charges and face only a misdemeanor conviction. He further claims that he did not learn about the legal status of his prior conviction until after his arrival in prison, and that his attempt to learn the specific date of his prior conviction was delayed when the Harris County Clerk's office delayed in responding to Hodges's request for documents showing the date of his prior conviction.

Hodges fails to demonstrate that he was actively misled by the State or that he was prevented in some extraordinary way from asserting his rights. Nothing in Hodges's petition or other filings suggests any action by the State that misled him. At most, he appears to claim that the Harris County Clerk's office prevented him from asserting his rights by failing to respond quickly enough to his request for information. Hodges's own exhibit, however, shows that he did not even mail that request until 28 days before the limitations period expired. His argument that he did not know about the relevant law until that time is unavailing. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Finally, Hodges makes several references to an "actual innocence" exception to the limits on equitable tolling. Hodges confuses two separate issues. The federal courts have recognized an "actual innocence" exception that might allow a federal court to address a procedurally defaulted claim. *See*, *e.g.*, *Sawyer v. Whitley*, 505 U.S. 333, 335 (1992); *Kuhlmann v. Wilson*, 477 U.S. 436, 455 (1986). The cases cited by Hodges address procedurally defaulted claims, *i.e.*, claims that were denied because the petitioner failed to comply with a procedural rule governing

the method of, or forum for, challenging a conviction or sentence; they do not address the issue of petitions barred by federal law under the AEDPA statute of limitations. *See Ruiz v. Quarterman*, 460 F.3d 638 (5th Cir. 2006); *Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002), *vacated and remanded by Dretke v. Haley*, 541 U.S. 386 (2004); *United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999). Hodges points to no case law recognizing an "actual innocence" exception to the statute of limitations, and this Court is aware of no such law. Hodges thus fails to demonstrate that he is entitled to equitable tolling.

### III.    Certificate of Appealability

Hodges has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to

proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully considered Hodges's arguments. The Court finds that its conclusions that the petition is time-barred and that Hodges is not entitled to equitable tolling are supported by clear, binding precedent. This Court concludes that under such precedents, reasonable jurists could not disagree that the petition is barred by the statute of limitations. This Court concludes that Hodges is not entitled to a certificate of appealability on his claims.

## IV. Order

For the foregoing reasons, it is ORDERED as follows:

a. Respondent Rick Thaler's Motion to Dismiss (Doc. # 16) is GRANTED;

b. Petitioner William Virgil Hodges's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

c. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED at Houston, Texas this 2nd day of July, 2012.

_____
Kenneth M. Hoyt
United States District Judge